# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| LM General Insurance Company, | Civil Action No.: 3:18-cv-02323-JMC |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Zachary Nichols, and Amanda Stewart,[1] | |
| Defendants. | |

Plaintiff LM General Insurance Company ("LGIC") filed this declaratory judgment action against Defendants Zachary Nichols and Amanda Stewart seeking a declaration by the court "that it has no obligation to provide any coverage to Nichols or, alternatively, no indemnity obligation thereto greater than $25,000.00 with respect to the claim of Stewart in the tort action" styled *Amanda Stewart v. Zachary Nichols*, 2018-CP-40-01333 (Richland Cty. Ct. Com. Pl Mar. 8, 2018) (the "Underlying Action"). (ECF No. 1 at 2–3 ¶ 6 (referencing ECF No. 1-2), 4 ¶ 4.)

This matter is before the court on LGIC's unopposed Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules 7.04 and 7.05 (D.S.C.). (ECF No. 38.) Specifically, LGIC asserts it is entitled to summary judgment because the "automobile insurance policy at issue provides no liability coverage for the claim" by Stewart against Nichols in the Underlying Action. (*Id.* at 1.) For the reasons set forth below, the court **DISMISSES** this action **WITHOUT PREJUDICE** and **DENIES AS MOOT** LGIC's Motion for Summary Judgment.

## I. RELEVANT BACKGROUND TO PENDING MOTION

LGIC issued an automobile liability insurance policy to Nichols as a named insured bearing

---

[1] The court observes that the matter as to Defendant Amanda Stewart was dismissed as a result of a settlement. (*See* ECF Nos. 39, 40.)

policy number AOS-258-689373 -40 5 5 (the "Policy") for the policy period of December 24, 2015, to December 24, 2016. (ECF No. 1-1.) Pursuant to its terms, the Policy provided liability coverage for bodily injury with limits of $100,000 per person and $300,000 per accident. (*Id.* at 3.)

In the Underlying Action, Stewart alleged that she was married to Nichols on July 2, 2016, and on that day, he "physically assaulted" her and "ultimately threw her out of [a] [moving] vehicle." (ECF No. 1-2 at 6 ¶¶ 6, 8.) Stewart further alleged that Nichols "was criminally charged for this assault and pled guilty to Assault and Battery." (*Id.* ¶ 8.) On or about March 8, 2018, Stewart filed the Underlying Action alleging claims against Nichols for assault, battery, false imprisonment, negligence, gross negligence, negligence per se, and recklessness. (ECF No. 1-2 at 6 ¶ 10–8 ¶ 21.) In response to the filing of the Underlying Action, LGIC asserts that it immediately provided a defense for Nichols pursuant to a reservation of rights. (*See* ECF No. 38 at 4 n.5.)

Thereafter, LGIC filed the instant action in this court on August 21, 2018, seeking the aforementioned declaratory judgment. (ECF No. 1.) Stewart answered the Complaint on September 11, 2018, denying its allegations and amended her Answer on October 1, 2018. (ECF Nos. 5, 10.) LGIC attempted to serve Nichols by publication and he is in default after failing to answer or otherwise respond to the Complaint. (*See* ECF Nos. 27, 31, 35, 37.) On April 18, 2019, LGIC filed the instant Motion for Summary Judgment. (ECF No. 38.) The court considers the merits of LGIC's Motion below.

## II. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011). In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

## III. ANALYSIS

A. LGIC's Arguments

In its Motion, LGIC argues that the relevant issues in this matter are governed by "the following three-part test for use in determining whether a claimant's injuries arise out of the 'ownership, maintenance or use of a motor vehicle' necessary to trigger liability insurance coverage required by S.C. Code Ann. § 38-77-140: i) a causal connection exists between the vehicle and the injury; ii) no act of independent significance breaks the causal link between the vehicle and the injury; and iii) the vehicle was being used for transportation purposes at the time of the injury." (ECF No. 38 at 7 (citing *State Farm Fire & Cas. Co. v. Aytes*, 503 S.E.2d 744, 745

3

(S.C. 1998)).) LGIC further argues that the Underlying Action's facts do not satisfy the *Aytes* test because "the Subject Truck was not being used in manner 'foreseeably identifiable with the normal use of the automobile.'" (*Id.* at 8.) As a result, LGIC asserts that "there is no liability coverage available to Nichols for the claim against him by Stewart." (*Id.* at 9.)

LGIC next argues that even if the facts of the Underlying Action satisfied the *Aytes* test, Stewart's recovery would be limited to the Policy's statutory minimum of $25,000.00 because her injuries were caused by Nichols' intentional acts, which are excluded by the Policy. (*Id.* at 9–10 (citing ECF No. 1-1 at 20 ("Who intentionally causes 'bodily injury' or 'property damage' to the extent that the limits of liability for this coverage exceed the limits of liability required by the South Carolina Financial Responsibility Act.")).) In this regard, LGIC asserts that the court should find Nichols' "actions [as] intentional and hold that any coverage is limited as per the language of the Subject Policy to $25,000[.00]." (*Id.* at 10.)

B.  The Court's Review

LGIC moves the court for an express declaration that "it has no obligation to provide any coverage to Nichols pursuant to the *Aytes* test . . ., or, alternatively, no indemnity obligation thereto greater than $25,000.00 with respect to the claim of Stewart in the Underlying Lawsuit." (ECF No. 38 at 11.) Neither Defendant opposes LGIC's Motion for Summary because Stewart is no longer a party to this action and Nichols has failed to enter an appearance. Moreover, LGIC asserts that the court has subject matter jurisdiction to make the requested declaration pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1 at 1 ¶¶ 1, 2.[2])

---

[2] For jurisdictional purposes, LGIC alleges that it is an Illinois corporation with its principal place of business in the Commonwealth of Massachusetts. (*Id.* ¶ 1.) Stewart is admittedly a citizen and resident of the State of South Carolina, while Nichols is alleged to be a citizen and resident of the State of South Carolina. (*Id.* ¶ 2; *see also* ECF No. 10 at 1 ¶ 3.) LGIC further alleges that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (ECF No. 1 at 1–2 ¶ 3.)

Upon its review of LGIC's request for declaratory judgment, the court concludes that it must sua sponte dismiss the entire action based on the recent published pronouncement by the United States Court of Appeals for the Fourth Circuit in *Trustgard Insurance Company v. Collins*, 942 F.3d 195 (4th Cir. 2019). In *Trustgard*, the insurer sought a declaration that "a commercial motor vehicle policy issued by Trustgard to Defendant Michael Brown [] d[id] not provide coverage to Brown for an underlying motor vehicle accident where neither Brown nor the insured vehicle were involved in that accident, and where the MCS-90 endorsement attached to that policy [wa]s not implicated." *Trustgard Ins. Co. v. Brown*, C/A No.: 3:17-cv-00807-JMC, 2017 WL 5991866, at *1 (D.S.C. Dec. 4, 2017). On appeal, the Fourth Circuit found that this court had abused its discretion in entering a declaratory judgment of no insurance coverage/duty to indemnify involving ongoing litigation pending in state court. *Trustgard*, 942 F.3d at 204. In reaching this conclusion, the Fourth Circuit expounded on whether the court had Article III jurisdiction to address the issue of indemnification presented in this action wherein (1) "[t]he Underlying Lawsuit itself remains pending" and (2) the liability of the insured is undetermined due to the lack of any specified finding. (ECF No. 1 at 2 ¶ 4; ECF No. 38 at 4 n.5 (citing ECF Nos. 1 at 3 ¶ 10, 10 at 3 ¶ 11)); *cf. FMC Corp. v. Boesky*, 852 F.2d 981, 992, n.23 (7th Cir. 1988) ("To bring a diversity action in federal court, however, a litigant first must satisfy Article III's case or controversy requirements and, in addition, the statutory requirements for diversity jurisdiction. There can be no diversity jurisdiction in the absence of an Article III case or controversy.").

As to the foregoing issues, the Fourth Circuit concluded that in evaluating constitutional standing, jurisprudential grounds counseled against the entry of a declaratory judgment when the alleged injury "is of a hypothetical and contingent nature: the injury may or may not occur depending on the outcome of the state lawsuit." *Trustgard*, 942 F.3d at 200. Moreover, as to

ripeness, the Fourth Circuit expressly warned courts to avoid adjudicating this type of indemnification issue "because it [i]s unripe until liability [i]s determined." *Id.* To this end, the Fourth Circuit observed that "suits about the duty to indemnify . . . would ordinarily be advisory when the insured's liability remains undetermined." *Id.* In this regard, "[a]lthough [th]e [Fourth Circuit] recognize[s] how valuable it might be for the parties to know an insurer's obligations before liability is resolved, practical value cannot overcome this fundamental limitation on [] jurisdiction." *Id.* at 201. Accordingly, after its consideration of the precedent established by the Fourth Circuit in *Trustgard*, the court finds that it must dismiss this matter.

## IV. CONCLUSION

For the reasons set forth above, the court sua sponte **DISMISSES** the Complaint of Plaintiff LM General Insurance Company **WITHOUT PREJUDICE** and **DENIES AS MOOT** its Motion for Summary Judgment. (ECF No. 38.)

**IT IS SO ORDERED.**

*[signature: J. Michelle Childs]*
United States District Judge

March 17, 2020
Columbia, South Carolina